IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

ARTHUR FOSTER,

                Petitioner,                               OPINION AND ORDER

    v.                                                             13-cv-569-wmc

WILLIAM POLLARD, Warden,
Waupun Correctional Institution,

                Respondent.
---

Petitioner Arthur Foster seeks a writ of habeas corpus to challenge a state court conviction pursuant to 28 U.S.C. § 2254. After conducting a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court issued an order directing Foster to show cause why this case should not be dismissed as untimely. After considering Foster's response, the petition will now be dismissed as barred by the governing one-year statute of limitations.

FACTS

Foster was charged with two counts of fist-degree intentional homicide, among other things, in Pierce County Case No. 94CF114. In particular, Foster was accused of murdering an elderly couple while robbing their home. On June 8, 1995, Foster entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). On July 14, 1995, the circuit court sentenced him to two consecutive terms of life imprisonment. He is eligible for parole in 2050.

On direct appeal, Foster challenged the denial of his pretrial motion to suppress incriminating statements that he made to a family friend while he was in custody. On

September 4, 1996, the Wisconsin Court of Appeals rejected that argument and affirmed the conviction in an unpublished opinion.  *See State v. Foster*, No. 95-3270.  Foster did not file a petition for review with the Wisconsin Supreme Court.

On October 19, 2009, Foster filed a motion to withdraw his *Alford* plea, arguing that the prosecutor breached the plea agreement during his sentencing hearing and that his trial attorney failed to object.  The circuit court denied that motion on December 18, 2009.  On December 14, 2010, the Wisconsin Court of Appeals summarily affirmed that decision.  *See State v. Foster*, No. 2010AP6.

In April 2012, the Wisconsin Court of Appeals denied Foster's request for an extension of time to file a post-conviction motion.  Undeterred, Foster filed a petition for a writ of habeas corpus in December of 2012, alleging that the prosecutor breached the plea agreement in his case by making an impermissible sentence recommendation and that his attorneys failed to properly object or raise this issue on appeal.  On January 11, 2013, the Wisconsin Court of Appeals summarily denied that petition after finding nothing improper in the record:

> Arthur Foster has filed a petition for a writ of habeas corpus alleging ineffective assistance of his appellate counsel.  He contends the district attorney violated the plea agreement by making an impermissible sentence recommendation.  However, the transcript of the sentencing hearing shows that the district attorney complied with the plea agreement.  He made the recommendation that was required under the plea agreement.  After the sentencing court disregarded the parties' sentence recommendations and imposed consecutive life sentences without the possibility of parole, the district attorney informed the court that he believed the sentence just imposed exceeded the statutory maximum.  The district attorney merely informed the court of the maximum penalties the district attorney believed

2

the law allowed. He did not attempt to undermine his earlier recommendation. Rather, to Foster's benefit, he argued for a reduction in the sentence just imposed by informing the court of the statutory maximum penalties.

*Foster v. Pollard*, No. 2012AP2756. The Wisconsin Supreme Court denied Foster's petition for review on June 14, 2013.

On August 6, 2013, Foster executed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and filed it with this court. He raises the same claim that was rejected by the state court in *Foster v. Pollard*, No. 2012AP2756.

OPINION

I. Statute of Limitations for Habeas Review

As explained in the court's show cause order, Foster's petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1), which is designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). Because the petition was filed well after the AEDPA's effective date, the one-year statute of limitations clearly applies. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Where a prisoner challenges the validity of a state court judgment, the statute of limitations begins to run at "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Wisconsin Court of Appeals affirmed the judgment in Foster's case on September 4, 1996. Although Foster did not appeal further by filing a petition for review with the Wisconsin Supreme Court, his time to do so expired 30 days later on October 4, 1996. *See* Wis. Stat. § 808.10(1). That date triggered the statute of limitations on federal habeas corpus review, which expired one year later on October 4, 1997. Foster's pending petition, which is dated August 6, 2013, is late by nearly 16 years and is barred from federal review unless he can establish that an exception applies.

In response to the court's show cause order, Foster contends that he is entitled to an exception to the statute of limitations period because he has "below average intellectual ability." Thus, he appears to request equitable tolling.[1]

Equitable tolling is an exceptional remedy that is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Obriecht v. Foster*, 727 F.3d 744 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so 'is rarely granted.'"). The Supreme Court has clarified that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that

---

[1] A statutory exception may toll or extend the one-year limitations period if any of the following circumstances are present: (1) the State has created an impediment to filing a petition; (2) the petition is based on a newly recognized constitutional right made retroactive by the Supreme Court; or (3) the claim is based on a new factual predicate, which new facts could not have been discovered with due diligence on an earlier date. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). Likewise, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). Foster does not suggest that any of these statutory exceptions apply.

4

some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of proving that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir. 2012). Foster falls far short of carrying that burden here.

In support of his request for equitable tolling, Foster provides a copy of the report prepared during the presentence investigation ("PSI") of the underlying offense. (Dkt. # 4, Exh.). The PSI reflects that Foster completed the 10th grade before he was expelled from high school for "excessive absenteeism." The probation agent who completed the PSI noted that he appeared to "function at a below average intellectual level and was involved in special education classes while in a formal school setting." Nevertheless, the probation agent also noted that Foster showed "no inability to comprehend verbal and written communication." An examining psychologist (Dr. Frederick A. Fosdal) noted that Foster was a "somewhat hapless individual," who had a history of drug and alcohol abuse, but no mental impairment affecting his competency. In assessing his mental acumen, Dr. Fosdal observed that Foster "comprehended my questions and appears to be of low average intelligence."

A properly supported claim of incompetency or lack of mental capacity during the limitations period may warrant equitable tolling, *see Lawrence v. Florida*, 549 U.S. 327, 337 (2007), but that does not appear to be the case with Foster because the PSI report demonstrates, at worst, sub-average intelligence. A general lack of intelligence, ignorance

5

of the law and lack of legal training, however, do not constitute a basis for equitable tolling. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004).

Apart from the evidence that he is "not book smart," dkt. # 4, at 1, Foster fails to show that he made any effort to pursue federal review of his 1995 conviction until 2013. He raises the same claims that were presented during his direct appeal, which terminated in 1996. He offers no explanation for his lack of diligence or his decision to wait more than sixteen years to challenge his conviction with a federal habeas corpus petition. Under these circumstances, equitable tolling does not apply. *See Pace*, 544 U.S. at 419 (stating the general rule that "lack of diligence precludes equity's operation") (citations omitted). Because Foster does not carry his burden to demonstrate that equitable tolling is available, the petition must be dismissed as untimely filed.

## II. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant typically must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Where denial of relief is based on procedural grounds, the petitioner must also show that "jurists of reason . . . would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Generally, this means that "reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate is warranted, it is not necessary to do so here because the briefing was adequate to resolve the procedural issue in this case. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by state inmate Arthur Foster is DISMISSED with prejudice as barred by the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1).

2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 12th day of July, 2016.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge